*In re* MARRIAGE OF DONNA J. TYRRELL, Petitioner-Appellee, and GERALD L. TYRRELL, Respondent-Appellant.

Third District   No. 3—84—0502

Opinion filed April 10, 1985.

Bernard C. Gillman, of Rock Island, for appellant.

Christopher J. Klockau, of Rock Island, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The respondent, Gerald Tyrrell, appeals from the trial court's division of marital property in a dissolution action. The petitioner, Donna Tyrrell, was awarded marital assets valued at $92,685.60 and $55,404.49 in marital debts. The respondent received marital assets valued at $2,185.88 plus a van and business assets which the court was unable to value. The marital debts allocated to respondent totaled $44,360.38.

The business assets at issue are 27,000 shares of stock in Midland Cablevision Systems, Inc., and the assets of a company known as Tyrrell and Associates. On appeal, the respondent argues that the property division is inequitable because he received property which the trial court erroneously refused to value while the petitioner was awarded all marital property having an ascertained value.

The record reveals that the trial court refused to assign a value to the stock because the respondent failed to provide sufficient evidence of the corporation's value. The petitioner sought discovery of corporate tax returns and other evidence of the corporation's value. The respondent refused to comply, claiming that he was merely a minority stockholder and that the board of directors would not provide the information requested. Although respondent furnished unaudited financial and net worth statements of the corporation, they were of no use to petitioner's accountant, who testified that he could not assign a value to the assets unless additional information was provided. The respondent's accountant was also unable to provide a value for the corporation but testified that he could have pro-

duced a tax return for the corporation if the respondent had so requested.

The respondent testified that he did not concern himself with the business operations of the corporation and had no copies of financial and net worth statements other than the unaudited copies already provided.

The respondent's testimony is not persuasive. The record reveals that respondent was a founder of the corporation and one of only three initial shareholders. The respondent's profession of ignorance as to corporate affairs and his alleged inability to obtain corporate records was impeached by respondent's own witness. The respondent was clearly in a position to provide the evidence needed to value the corporation but simply refused to do so.

■ Where a party does not offer evidence of an asset's value, the party cannot complain as to the disposition of that asset by the court. Parties should not be allowed to benefit on review from their failure to introduce evidence at trial. *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47.

■ Here, the respondent not only failed to furnish valuation evidence on his own behalf, but he also obstructed the petitioner's attempts to place a value on the assets. Had the court divided the unvalued assets between the parties and awarded a greater share of the remaining marital property to the respondent, the petitioner would have been penalized for the respondent's lack of cooperation. Instead, the court awarded all of the unvalued assets to the respondent and the remaining marital property to the petitioner. The respondent will not be permitted to challenge this result on appeal after he thwarted efforts to value the assets in the trial court. The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.