978 P.2d 851

**Evelyn BOOTH, Petitioner–Appellee,**

v.

**Richard A. BOOTH, Respondent–Appellant.**

No. 20962.

Supreme Court of Hawai'i.

June 3, 1999.

Ann C. Kemp (Jason F. Oliver of Oliver, Lau, Lawhn, Ogawa & Nakamura, with her on the writ) for petitioner-appellee.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by KLEIN, J.

We granted Petitioner–Appellee Evelyn Booth's (petitioner) application for a writ of certiorari to review the decision of the Intermediate Court of Appeals (ICA) in *Booth v. Booth*, 91 Hawai'i 138, 980 P.2d 1012 (App. 1998) [hereinafter "ICA's decision"]. In *Booth*, Respondent–Appellant Richard Booth (respondent) appealed the family court's September 8, 1997 divorce decree (Decree) dissolving the marriage and dividing and distributing the parties' property and debts. The ICA affirmed the Decree in part and vacated in part, holding, *inter alia*, that the family court erred in: (1) finding and concluding that there was insufficient evidence presented by respondent of any equity in the parties' Mililani or 'Aiea properties on the date of marriage; and (2) using the appraisal value of the Mililani property rather than the net sale proceeds to calculate the equalization payment payable by respondent. The ICA also vacated corresponding portions of

the family court's October 23, 1997 findings of fact, conclusions of law, and order.

For the reasons set forth below, we reverse those portions of the ICA's decision holding that: (1) respondent presented sufficient evidence of the net equity of the parties' Mililani and 'Aiea properties on the date of marriage; and (2) the trial court improperly used the appraisal value of respondent's Mililani property rather than the actual net sale proceeds in calculating the equalization payment. We affirm the ICA's decision in all other respects.

## I. RELEVANT FACTS

Petitioner and respondent were married on October 31, 1987. On June 14, 1996, petitioner filed a Complaint for Divorce. At the time of the filing of the complaint, petitioner and respondent owned real property in Mililani, titled in both their names, which served as their marital residence.

On July 22, 1996, the parties signed a stipulated order for pre-decree relief, in which the parties agreed, *inter alia,* to share the cost of appraisal of their Mililani and Las Vegas properties. On November 25, 1996, the family court entered its stipulated order for pre-decree relief. Pursuant to the order, the parties agreed and the court ordered that the Mililani property be sold.

A contested hearing on the merits was held on May 6, 1997. Respondent testified at the hearing that, at the time he married petitioner in 1987, he owned an 'Aiea apartment with a net equity of $6,400.00 and that the Mililani property had a Category 1 value of $28,000.00.[1] Respondent did not offer an actual appraisal of the property on the date of marriage. At the time of the hearing, the

parties had not found a buyer for the Mililani property.

On September 8, 1997, the family court entered its Decree. It awarded the Mililani property, subject to the $171,500 mortgage in favor of the Navy Federal Credit Union, to respondent, with a $25,250.00 equalization payment payable to petitioner. The court mandated that "[t]he Mililani Property shall be listed immediately and sold. [Respondent] shall be entitled to the net proceeds realized from any sale of the Mililani Property."

Based on its computations, the family court determined that the net cash property equalization payment owed by respondent to petitioner was $12,581.36. It ordered respondent to pay petitioner that amount.

Respondent filed a notice of appeal on September 16, 1997 and an amended notice of appeal on September 26, 1997. On October 23, 1997, the family court entered its findings of fact, conclusions of law, and order. Essentially reiterating the September 8, 1997 Decree, the family court ruled in pertinent part as follows:

### Findings Of Fact

. . . .

14. Defendant did not present any evidence of the value of the Mililani Property at the time of his marriage to the Plaintiff.

. . . .

20. Defendant did not present any evidence of the value of the Aiea ['Aiea] Property at the time of his marriage to the Plaintiff.

. . . .

43. According to the joint appraisal agreed to by both parties, the current val-

---

1. Respondent testified and offered into evidence his affidavit filed in his 1985 divorce proceedings from Catherine Booth to establish the net equity of the Mililani and 'Aiea properties as of 1987. The affidavit stated that, in September 1985, Rummel Mortgage had appraised the Mililani property for purposes of a loan at approximately $126,000.00, with a net equity of $44,300.00. The affidavit also stated that an appraisal made by Alexander & Alexander before his divorce from Catherine Booth for purposes of property settlement valued the Mililani property at $147,-

000.00, with a net equity of "approximately $23,-500.00."

Respondent further testified that in 1985, at the time of his divorce from Catherine Booth, the 'Aiea property had a net equity of $6,400.00. He estimated that by the time he married petitioner on October 31, 1987, the value of the Mililani property would have gone up, and, therefore, that the equity in that property was $28,000.00. He also estimated that the 'Aiea property would have gone up by "four or five thousand dollars."

ue of the Mililani property is $216,000.00 See Plaintiff's EXHIBIT 2.

. . . .

### Conclusions Of Law

. . . .

9.  The Court finds and concludes that there was insufficient competent evidence presented by the Defendant of any equity in the Mililani Property or the Aiea ['Aiea] Property at the time of his marriage to the Plaintiff. Thus Defendant failed to establish any Category I property with respect to the Mililani and Aiea ['Aiea] properties.

. . . .

12.  The Court finds and concludes that at the time of the trial, the Mililani Property had a net equity of $50,500.00 and that pursuant to the partnership model each party is entitled to one-half of the equity. 13. The Court awards the Mililani Property to the Defendant subject to Plaintiff being allocated $25,500.00 [sic] of the net equity.

. . . .

### Order

. . . .

Defendant shall take immediate action to refinance the Mortgage on the Mililani Property and remove Plaintiff from any further liability with respect to the property. In the event that Defendant is unable to refinance the Mililani Property to relieve Plaintiff from any liability thereon, the Mililani Property shall be listed immediately and sold. Defendant shall be entitled to the net proceeds realized from any sale of the Mililani Property.

## II. THE ICA'S DECISION

On appeal, the ICA held, *inter alia,* that the family court erred in holding that there was insufficient evidence presented by respondent of any equity in the Mililani or 'Aiea properties on the date of marriage. Respondent had contended that, based on petitioner's trial Exhibit Nos. 33 and 35 that " 'indicate[d] what the net equities in the Mililani property and the Aiea ['Aiea] apartment were as of October 1985, two years

prior to the DOM[,]' " his Category 1 NMVs should be $23,000.00 and $6,400.00, respectively. While the ICA rejected respondent's argument, it nevertheless stated that

> [FOFs] nos. 14 and 20 are wrong and COL no. 9 is clearly erroneous and wrong and we vacate them. In this case, the undisputed evidence that the October 1985 NMV of the Mililani property was $23,000 and October 1985 NMV of the 'Aiea apartment was $6,400 is substantial evidence that the DOM–Category 1 NMVs of those properties were no less than those amounts. Thus, those amounts are Richard's Category [1] NMVs of those two properties.

ICA decision at 7.

The ICA then rejected the family court's calculation of the equalization payment based on the appraisal value of the Mililani property, rather than the actual net sale proceeds. In this regard, the ICA stated that

> In light of the fact that the family court ordered the Mililani property to be sold and all of the net sales proceeds distributed to Richard, Richard contends that it is unfair to him for the family court to use the September 6, 1996 appraisal's estimated market value rather than the actual net sales proceeds when computing the amount of the equalization payment payable by him. Since the family court has not articulated a valid reason why the equalization payment should be based on the estimated market value rather than the actual net sales proceeds, we agree.

ICA decision at 8. Extending its holding in *Jackson v. Jackson,* 84 Hawai'i 319, 334, 933 P.2d 1353, 1368 (App.1997), the ICA held that

> when the sale of Marital Partnership Property is explicitly or implicitly ordered or enforceably promised, the amount of the net equity being distributed is the amount of the actual net sales proceeds and not the amount of the estimated net sales proceeds based on an appraisal.

ICA decision at 8–9.

The ICA thus vacated, *inter alia,* the first two paragraphs of Subsection (5)A.1 of the

Decree, pertaining to the Mililani property, and Section (7), ordering respondent to pay petitioner an additional cash equalization payment of $12,581.36. The ICA also vacated the family court's October 23, 1997 order, findings of fact 14, 20, and 43, and conclusions of law 9, 12, 13, 28, 29, 33, and 36.

On December 17, 1998, petitioner applied for a writ of certiorari seeking review of the ICA's decision, which we granted on December 23, 1998.

### III. *DISCUSSION*

A. *The ICA Should Have Deferred to the Family Court's Determination that Respondent Failed to Present Sufficient Evidence of the Net Equity of the Mililani and 'Aiea Properties.*

■ Petitioner contends that, because a determination of the weight of the evidence properly lay within the province of the family court, the ICA erred in holding that respondent adduced sufficient evidence of the net equity of the Mililani and 'Aiea properties. We agree.

■ Findings of fact will not be disturbed unless clearly erroneous. *See Furukawa v. Honolulu Zoological Society,* 85 Hawai'i 7, 12, 936 P.2d 643, 648, *reconsideration denied,* 85 Hawai'i 196, 940 P.2d 403 (1997) (citation omitted). " 'A finding of fact is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed.' " *Aickin v. Ocean View Inv. Co., Inc.,* 84 Hawai'i 447, 453, 935 P.2d 992, 998 (1997) (quoting *Dan v. State,* 76 Hawai'i 423, 428, 879 P.2d 528, 533 (1994)). Additionally, " '[a conclusion of law] that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case.' " *Poe v. Hawai'i Labor Relations Board,* 87 Hawai'i 191, 195, 953 P.2d 569, 573 (1998) (quoting *Price v. Zoning Board of Appeals of City and County of Honolulu,* 77 Hawai'i 168, 172, 883 P.2d 629, 633 (1994)).

Additionally, it is well settled that " '[a]n appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence; this is the province of the trial judge.' " *Amfac v. Waikiki Beachcomber Investment Co.,* 74 Haw. 85, 117, 839 P.2d 10, 28, *reconsideration denied,* 74 Haw. 650, 843 P.2d 144 (1992) (quoting *Nani Koolau Co. v. K & M Construction, Inc.,* 5 Haw.App. 137, 140, 681 P.2d 580, 584 (1984) (quoting *Shannon v. Murphy,* 49 Haw. 661, 667, 426 P.2d 816, 820 (1967))).

■ Here, the record indicates that the only evidence respondent offered to establish the net equity in the Mililani and 'Aiea properties on the date of marriage was his own testimony as to various appraisals of the properties, his own estimates of the properties' values, and pleadings filed in his prior divorce proceedings. No actual appraisals of the properties on the date of marriage were presented to the court.

FOFs 14 and 20 reflect that the family court considered the evidence presented and determined that respondent's testimony was not a reliable representation of the net equity of the properties on the date of marriage. Accepting this implicit finding, and in light of the fact that no actual appraisals were presented to the family court, the court's conclusion that respondent did not present sufficient evidence of the amount of equity on the date of marriage in the Mililani or 'Aiea properties cannot be said to be clearly erroneous. *See In re Marriage of Aud,* 142 Ill.App.3d 320, 96 Ill.Dec. 615, 491 N.E.2d 894, 898 (1986) ("there must be competent evidence of value to support the court's division of property"); *In re Marriage of Tyrrell,* 132 Ill.App.3d 348, 87 Ill.Dec. 546, 477 N.E.2d 523, 524 (1985) ("Where a party does not offer evidence of an asset's value, the party cannot complain as to the disposition of that asset by the court.").

Because the assessment of the weight of respondent's evidence properly lay within the sound discretion of the family court, the ICA lacked a basis for setting aside the family court's findings on appeal. Accordingly, we reverse the ICA's holding that respondent adduced sufficient evidence of the net equity of the parties' Mililani and 'Aiea properties on the date of marriage.

B. *The Family Court Properly Used the Appraisal Value of the Mililani Property Rather Than the Net Sale Proceeds in Calculating the Equalization Payment.*

Petitioner argues that the ICA erred in holding that, because the Mililani property was ordered sold, the equalization payment should have been based on the actual net sale proceeds rather than the appraisal value. We agree.

■ Although the Mililani property was ordered sold, the family court's calculation of the equalization payment based on the appraisal value was without error.

First, and most importantly, the amount of net sale proceeds was unavailable to the court at the time of trial. At the time of the May 6, 1997 contested hearing, the Mililani property had not been sold. It was therefore impossible for the family court to calculate the equalization payment based on the actual net sale proceeds. Under the rule articulated by the ICA, the family court could not have issued a decision until the property was actually sold at some unknown point in the future.

■ Moreover, the family court's use of the appraised value of the Mililani property was a reliable and equitable basis upon which to calculate the equalization payment. As the ICA has consistently observed, the family court has broad discretion to divide and distribute the estate of the parties in a "just and equitable" manner. *Markham v. Markham,* 80 Hawai'i 274, 286, 909 P.2d 602, 614 (App.), *cert. denied,* 80 Hawai'i 357, 910 P.2d 128 (1996) (citation omitted). As such, the family court assesses and weighs all valid and relevant considerations to exercise its equitable discretion in distributing marital property. *See, e.g., Hussey v. Hussey,* 77 Hawai'i 202, 208, 881 P.2d 1270, 1276 (App.1994).

Here, the family court, in its broad and equitable discretion, awarded respondent the Mililani property, credited respondent with the appraised value agreed upon by the parties, and awarded him the net proceeds realized from any sale. There was nothing presented to indicate that the court's use of the appraisal value was inaccurate or unreliable.

From these facts, we are thus unable to ascertain any reason why the family court's calculation of the equalization payment based on appraisal value was erroneous. Accordingly, we reverse the ICA's holding that the family court improperly used the appraisal value, rather than the net sale proceeds, in calculating the equalization payment payable by respondent.

## IV. CONCLUSION

For the foregoing reasons, we reverse those portions of the ICA's decision holding that: (1) respondent presented sufficient evidence of the net equity of the parties' Mililani and 'Aiea properties on the date of marriage; and (2) the trial court improperly used the appraisal value of respondent's Mililani property, rather than the net sale proceeds, in calculating the equalization payment. We affirm the ICA's decision in all other respects.