157 P.3d 535

Gwennyth L. WINTERMEYER,
Plaintiff–Appellee,

v.

David H. WINTERMEYER,
Defendant–Appellant.

No. 27152.

Intermediate Court of Appeals of Hawai'i.

Oct. 23, 2006.

Robert M. Harris, on the briefs, Honolulu, for Defendant–Appellant.

Gary Robert, on the briefs, Lahaina, for Plaintiff–Appellee.

BURNS, C.J., LIM and NAKAMURA, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant David H. Wintermeyer (David) appeals from the Divorce Judgment entered on January 31, 2005 in the Family Court of the Second Circuit by Judge Simone C. Polak.[1] We affirm the parts of this divorce case over which we have appellate jurisdiction. We conclude that we do not have appellate jurisdiction over the division and distribution of property and debts part of this divorce case.

1. This appeal was assigned to this court on January 9, 2006.

The court found that the parties were lawfully married to each other. According to Plaintiff–Appellee Gwennyth L. Wintermeyer (Gwennyth), she and David were married on December 26, 1997. A daughter was born on February 1, 1999. A son was born on August 23, 2000. On June 24, 2003, Gwennyth filed the complaint for divorce. An order entered on September 22, 2003 ordered David to pay "[Gwennyth's] rent in the amount of $1,900.00 per month, until further order of the Court." A stipulated order entered on July 14, 2004 stated:

> Pursuant to existing orders, [David] shall continue to pay on behalf of [Gwennyth] her monthly rental expense in an amount not exceeding $1,900.00 per month, paid directly to the landlord and/or rental agent for the dwelling rented by [Gwennyth]. [David] shall be responsible and pay for any late fees or other charges occasioned by him to said landlord and/or rental agent.

The trial was held in October 2004.

The Divorce Judgment awarded legal and physical custody of the two children to Gwennyth, subject to David's non-specific rights of reasonable visitation, and ordered David to (1) pay child support of $690 per child per month; (2) maintain medical, vision, drug, and dental insurance for the benefit of each of the children through the parties' businesses; and (3) pay spousal support of $1,900 per month "for five (5) years, or until [Gwennyth's] remarriage or death."[2] The Divorce Judgment also awarded Gwennyth a Category 1 net market value (NMV) of $136,000 and ordered, in part:

> 10. *PROPERTY DIVISION.* All of the solely and jointly-held property of the parties shall be fully and finally divided and distributed as follows:
>
> . . . .
>
> C. *Vehicles.* Each party is awarded his or her currently used vehicles, and [David] is required to pay any debts thereon. . . .
>
> D. *Real Property.* [Gwennyth] is awarded her Category 1 value of $136,000.00 out of the sales price of $381,570 from the sale of her real property

at 37 Cowper Street, Melbourne, Australia, and [Gwennyth] shall be responsible for the mortgage pay-off of $209,241. The net proceeds of $36,329.00 are awarded in equal parts to [David] and [Gwennyth]. [David's] portion may be reduced by the amount of any past rent payments previously ordered and due ordered in Paragraph No. 24 of the Judgment.

> E. *Life Insurance.* . . . Any cash values in any of the parties' life insurance policies shall be divided equally between the parties, subject to any debt thereon.
>
> F. *Retirement.* Each party is awarded his/her retirement accounts, subject to any debt thereon.
>
> . . . .
>
> H. *Personal Effects.* Each party is awarded his or her own jewelry and clothing, all of the rest of their own personal effects, their own personally acquired collectibles, antiques, memorabilia, and heirlooms, subject to any debt thereon.
>
> . . . .
>
> J. *Business Assets.* The sale or transfer of the shares of each shareholder and/or disposition of the companies are controlled by the provisions of the Shareholder Agreements for *The Water Man* and *Fun on the Run.* In case of a matrimonial action (as defined in N.Y. CPLR, s 105(p)), the shareholder agreements govern the disposition of company shares, valuation process and terms and manner of payments.
>
> Shareholder loans and advances that have been paid to either party shall remain the responsibility of [David] upon completion of the transfer of [Gwennyth's] shares, right of ownership and her resignation from the companies' Board of Directors and Officer's position.
>
> . . . .
>
> M. *Other Property.* . . . .
>
> [Gwennyth] is specifically awarded the parties' "boat in the sand" and "objects on the beach" paintings by Drew Gregory and her Rolling Stones photograph, her two (2) Beatles' framed albums, her files from the parties' file cabinet, her photographs, her

---

**2.** It is logical to assume that this means whichever er occurs sooner.

daughters' hand painted treasure boxes, and her aboriginal didgeridoo.

[David] is specifically awarded the parties' family pet and his nonrecourse mortgage.

11. *DEBTS.* All outstanding indebtedness of the parties not otherwise allocated in this Judgment shall be paid by [David], except for the parties' debt for [Gwennyth's] cosmetic surgery, and the debt to Members Credit Union Australia.

. . . .

. 12. *ATTORNEY'S FEES, COSTS AND EXPENSES.* [David] shall pay for 75% of all attorney's fees, costs, and expenses incurred in this matter by either party, and [Gwennyth] shall be responsible for 25%. [David] shall be responsible for the previously ordered mediation fees with retired Judge Douglas McNish.

. . . .

21. *RESTRAINING ORDER.* Each party is enjoined and restrained from contacting the other party, or harassing the other party, or going within 50 yards of the other party's residence or place of work; PROVIDED, HOWEVER, THAT each party may have contact with the other party, BY FACSIMILE ONLY, during the hours of 7:30 a.m. to 7:30 p.m., no more than twice per day, or go within 50 yards of the other party's residence or place of work, but not within the other party's residence or place of work, if the contact concerns custody/visitation of/with the parties' minor children, child support for the parties' minor children, the parties' minor children's healthcare, or the parties' minor

children's education, or the operation of the parties' businesses.[3]

. . . .

24. *PAST DUE RENT.* [David] shall reimburse [Gwennyth] for any rental payments of [Gwennyth] that [David] was ordered to pay and has failed to pay.

(Footnote added.)

The Divorce Judgment ordered that the following "solely and jointly-held property of the parties" "shall be divided equally between the parties, subject to any debt thereon": deposit accounts, securities, trusts, and household furniture, furnishings, goods, and effects.

The Divorce Judgment ordered that "[a]ny investment assets of the parties shall be divided equally between the parties, subject to all indebtedness secured thereby or owed on account thereof."

The Divorce Judgment ordered that "[a]ny accounts receivable of the parties" and "[a]ll of the rest of the parties' property, not otherwise specifically distributed by the provisions of this Agreement" "shall be divided equally by the parties, subject to any debt thereon."

On February 11, 2005, David filed a motion for reconsideration. On March 2, 2005, David prematurely filed a notice of appeal. On April 26, 2005, after a hearing on March 30, 2005, the court responded to David's February 11, 2005 motion for reconsideration by entering an order reducing child support to $400 per child per month and denying all other requested relief.

On May 10, 2005, the court entered Findings of Fact and Conclusions of Law (FsOF and CsOL)[4] stating in part:

---

3. This restraining order was not challenged in this appeal. We do not decide the question whether the family court is authorized to enter such an order in a divorce judgment. The following statutes authorize a protective order: Hawaii Revised Statutes (HRS) §§ 586–5 and 586–5.5 (Supp.2006).

4. The Conclusions of Law (CsOL) entered on May 10, 2005 contain CsOL that do not accurately report the law as stated in the cited precedent. For example, COL no. 15 states, in relevant part:

[A] party's failure to provide the court with evidence of market value leaves the court discretion to review the full record to determine

an equitable value. *Teller v. Teller,* 99 Hawai'i 101, 53 P.3d 240 (2002)[.]

This COL fails to recognize that the court always reviews the full record to determine fair market value. This erroneous view of the law is based on an erroneous interpretation of the following precedent:

Despite Howard's failure to provide evidence of market value and his failure to argue why this court should depart from its policy of valuing property through fair market value, it was within the family court's discretion to review the full record to determine an equitable value.

*Teller v. Teller,* 99 Hawai'i 101, 115, 53 P.3d 240, 254 (2002).

89. The court finds that [David's] trial testimony credible in some aspects, but not credible/inconsistent and/or unproven with respect to the following:

> a) That the parties were not legally married;
>
> . . . .
>
> d) That [David] brought over $750,000.00 into the marriage for which he seeks credit as non-existent Category 1 property[.]

Although the FsOF and CsOL do not say anything about it or incorporate it by reference, a two-page "Property Division Chart" is attached to the FsOF and CsOL. Although this chart provides much of the information missing from the Divorce Judgment, it does not provide all of the required information. Under the heading "Personal/Household Effects—No evidence presented as to values", the chart lists various information, including the following: [5]

| | | | WHO ACTUALLY GETS THE PROPERTY | |
| | Cat. | Value | Husband | Wife |
| --- | --- | --- | --- | --- |
| Artwork (J) | 5 | unk | unk | unk |
| Artwork (H) | 1 | unk | unk | unk |
| Artwork (W) | 1 | unk | unk | unk |
| Furniture (J) | 5 | unk | unk | unk |
| Furniture (H) | 1 | unk | unk | unk |
| Furniture (W) | 1 | unk | unk | unk |
| Jewelry (J) | 5 | unk | unk | unk |
| Jewelry (H) | 1 | unk | unk | unk |
| Jewelry (W) | 1 | unk | unk | unk |

 We agree with the Answering Brief that David is challenging the award of spousal support, child support, the Category 1 NMV awarded to Gwennyth, and the alloca-

tion of debts, attorney fees, and court costs. Upon a careful review of the record and the briefs submitted by the parties, and duly considering and applying the law relevant to the issues raised and arguments presented, we affirm the dissolution of the marriage and the orders pertaining to spousal support, and the custody, visitation, and support of the children. We conclude that we do not have appellate jurisdiction to decide the part of this appeal pertaining to the division and distribution of property and debts because the Divorce Judgment does not explicitly or implicitly, fully and finally, divide and distribute all of the property and debts of the parties. *Eaton v. Eaton*, 7 Haw.App. 111, 748 P.2d 801 (1987).

 In a divorce judgment the following are full and final: an order awarding each party all personal property in his or her custody or possession; an order requiring each party to pay his or her own debts; and an order requiring one party to pay all debts of both of the parties. The fact that an appeal requires findings to identify the properties that are fully and finally divided and distributed, and their values, and the debts that are fully and finally divided and distributed, and their amounts, impacts on the question as to whether the court's judgment is an abuse of discretion, not on the question as to whether the court's judgment is final and appealable. The FsOF and CsOL cannot cause a divorce judgment that is not final and appealable to be final and appealable.

 In a divorce judgment, a division of all of the fungible property of the parties is

---

COL no. 16 states as follows:

*No Evidence of Value of Assets.* "Where a party does not offer evidence of an asset's value, the party cannot complain as to the disposition of that asset by the court." *Booth v. Booth*, 90 Hawai'i 413, 416, 978 P.2d 851, 854 (1999) quoting *In re Marriage of Tyrell[Tyrrell]*, 132 Ill.App.3d 348[, 87 Ill.Dec. 546], 477 N.E.2d 523, 524 (1985)[.]

This overstatement is based on the following precedent:

FOFs 14 and 20 reflect that the family court considered the evidence presented and determined that respondent's testimony was not a reliable representation of the net equity of the properties on the date of marriage. Accepting this implicit finding, and in light of the fact that no actual appraisals were presented to the family court, the court's conclusion that respondent did not present sufficient evidence of

the amount of equity on the date of marriage in the Mililani or 'Aiea properties cannot be said to be clearly erroneous. *See In re Marriage of Aud*, 142 Ill.App.3d 320, 96 Ill.Dec. 615, 491 N.E.2d 894, 898 (1986) ("there must be competent evidence of value to support the court's division of property"); *In re Marriage of Tyrrell*, 132 Ill.App.3d 348, 87 Ill.Dec. 546, 477 N.E.2d 523, 524 (1985) ("Where a party does not offer evidence of an asset's value, the party cannot complain as to the disposition of that asset by the court.").

*Booth v. Booth*, 90 Hawai'i 413, 416, 978 P.2d 851, 854 (1999).

5. All of the information stated here is exactly as is stated in the "Property Division Chart", however, not all of the columns of information are shown.

full and final. In this case, the Divorce Judgment ordered that the following "solely and jointly-held property of the parties" "shall be divided equally between the parties, subject to any debt thereon": deposit accounts; securities; trusts; any investment assets, subject to all indebtedness secured thereby or owed on account thereof; any accounts receivable; and household furniture, furnishings, goods, and effects.

Presumably, deposit accounts, securities, trusts, investment assets, and accounts receivable are fungible, and the Divorce Judgment's division of them is full and final.

Presumably, household furniture, furnishings, goods, and effects are not fungible, and the Divorce Judgment's division of them is not full and final. Presumably, this award by the Divorce Judgment divides unique property and does not identify the property or specify how the equal division will be accomplished.

The Divorce Judgment ordered that "[a]ll of the rest of the parties' property, not otherwise specifically distributed by the provisions of this Agreement" "shall be divided equally by the parties, subject to any debt thereon." What is included in "[a]ll of the rest of the parties' property" may or may not be fungible. To the extent that unique property was thereby divided, it was not identified and the Divorce Judgment did not decide how the equal division would be accomplished.

■ The following award by the Divorce Judgment is not full and final because it speaks in terms of the person who owned or acquired the property but does not decide the identity of that person: "H. *Personal Effects.* Each party is awarded his or her own jewelry and clothing, all of the rest of their own personal effects, their own personally acquired collectibles, antiques, memorabilia, and heirlooms, subject to any debt thereon."

■ The following award by the Divorce Judgment is not full and final because it may

divide unique property and does not identify the property or specify how the equal division will be accomplished: "M. *Other Property.* All of the rest of the parties' property, not otherwise specifically distributed by the provisions of this Agreement, shall be divided equally by the parties, subject to any debt thereon."

Accordingly, we affirm the parts of the January 31, 2005 Divorce Judgment pertaining to the dissolution of the marriage, the custody, visitation, and support of the children, and spousal support. We conclude that we do not have appellate jurisdiction over the "PROPERTY DIVISION", "DEBTS", and "ATTORNEY'S FEES, COSTS AND EXPENSES" parts of the January 31, 2005 Divorce Judgment. We note that this opinion causes Hawaii Revised Statutes § 580–56(d) (1993)[6], as interpreted by *Todd v. Todd,* 9 Haw.App. 214, 832 P.2d 280 (1992), to be applicable.

---

**6.** HRS § 580–56(d) (1993) states:

Following the entry of a decree of divorce, or the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce, or the elapse of one year after entry of

a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled to dower or curtesy in the former spouse's real estate, or any part thereof, nor to any share of the former spouse's personal estate.