**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000702
30-JUN-2020
07:56 AM**

NO. CAAP-18-0000702

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


RUSSELL R. MARTIN, Petitioner-Appellee, v.
RICHARD T. KOZUMA, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1SS18-1-00852)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Chan and Wadsworth, JJ.)

Respondent-Appellant Richard T. Kozuma (**Kozuma**) appeals from an August 8, 2018 Injunction Against Harassment (**Injunction**), and an August 16, 2018 order denying Kozuma's motion for reconsideration, both entered in the District Court of the First Circuit (**District Court**).[1] Following a bench trial, the District Court enjoined Kozuma and any other person acting on Kozuma's behalf from contacting, threatening or harassing Petitioner-Appellee Russell R. Martin (**Martin**) and entering or visiting Martin's residence. The District Court later denied "[Kozuma's] Motion for Reconsideration of Order Granting . . . Martin's Petition for Injunction Against Harassment Granted August 8, 2018" (**Motion for Reconsideration**) on the ground that it failed to raise issues of law or fact that could not have been raised at trial.

On appeal, Kozuma contends that the District Court erred in: (1) issuing the Injunction based on insufficient evidence and a clearly erroneous finding that Martin suffered

_____

[1] The Honorable Michael K. Tanigawa presided.

emotional distress, under Hawaii Revised Statutes (**HRS**) § 604-10.5 (2016); (2) precluding the introduction of evidence that would have disproved Martin's allegations of harassment or impeached his credibility; (3) implying that Kozuma did not deny some of the material allegations raised in the Petition for Ex Parte Temporary Restraining Order and for Injunction Against Harassment (**Petition**); and (4) ruling that the Motion for Reconsideration did not raise issues of law or fact that could not have been raised at trial.[2/]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Kozuma's points of error as follows and affirm:

### A.    Sufficiency of the Evidence

Under HRS § 604-10.5(a)(2), the district court "shall" grant an injunction prohibiting the respondent from harassing the petitioner if "the court finds by clear and convincing evidence that" the respondent engaged in an "intentional or knowing course of conduct directed at [the petitioner] that seriously alarm[ed] or disturb[ed] consistently or continually bother[ed] the [petitioner] and serve[d] no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress." See Luat v. Cacho, 92 Hawaiʻi 330, 340-41, 991 P.2d 840, 850-51 (App. 1999). "[T]he type of harassment that the courts are mandated to restrain or enjoin under paragraph (2) [of HRS § 604-10.5(a)] involves . . . systematic and continuous intimidation that stops short of assault or threats[.]" Id. at 342, 991 P.2d at 852.

"The reasonable person standard [to be applied under HRS § 604-10.5(a)(2)] is an objective one," under which the court must determine "whether 'a reasonable person, normally constituted,' would have suffered emotional distress as a result of a particular course of conduct." Id. at 343, 991 P.2d at 853 (quoting Tabieros v. Clark Equip. Co., 85 Hawaiʻi 336, 362, 944

---

[2/]    Kozuma's points of error have been reordered, restated, and condensed for clarity.

2

P.2d 1279, 1305 (1997)).

Here, after hearing testimony and argument from both Martin and Kozuma, the District Court orally ruled as follows:

> So I find that there's clear and convincing evidence of acts of harassment, that Mr. Martin testified credibly that . . . at least four times after May 2nd, 2018, that Mr. Kozuma challenged him to fight, called him a . . . fucking punk, threatened to kick his ass, called him a coward, and said he was nothing. . . . [Kozuma] never denied calling him a fucking punk, never denied threatening to kick his ass, never denied calling him a coward, never denied saying that he was nothing. So based upon that, I think those are acts of harassment.
>
> And now the question raised . . . is whether or not that caused the emotional distress that's required by the statute. . . . The statute does not require him to use the exact wording, certainly not everyone calls it emotional distress, but I think that when conduct . . . results in something being extremely irritating, I think that satisfies the statute, and based upon that, I'm granting the injunction.

Kozuma argues there was insufficient evidence to support the District Court's conclusion that Martin suffered emotional distress. He points out that Martin admitted at trial that he did not feel physically threatened by Kozuma. Kozuma also cites Martin's testimony that he followed Kozuma to Windward Mall,[3] told Kozuma "you're pathetic," and left the mall "cause I knew he was just talking, he wasn't gonna do anything." Kozuma further argues that calling a reasonable person "names such as punk, coward, and a nothing" would not cause the person to suffer emotional distress.

> Whether there was substantial evidence to support an injunction against an alleged harasser is reviewed under the "clearly erroneous standard." Bailey v. Sanchez, 92 Hawaiʻi 312, 316 n.6, 990 P.2d 1194, 1198 n.6 (App. 1999). "A conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case." Id. (brackets omitted) (quoting Booth v. Booth, 90 Hawaiʻi 413, 416, 978 P.2d 851, 854 (1999)).

Duarte v. Young, 134 Hawaiʻi 459, 462, 342 P.3d 878, 881 (App. 2014). We also have stated that "a trial court's determination regarding whether a reasonable person would suffer emotional

---

[3] Martin testified, in relevant part: "I started backing down the driveway. I stopped to get -- get the newspaper. Mr. Kozuma rolls up in his car, rolls down the window, calls me a fucking punk, and again threatening to kick my ass. And I said what? When? And he goes follow me. Jump in my truck, I follow him to Windward Mall in front of Macy's."

distress as a result of a course of conduct is reviewed on appeal de novo." Luat, 92 Hawaiʻi at 343, 991 P.2d at 853 (citing Trainor, 83 Hawaiʻi at 255, 925 P.2d at 823) .

Here, the District Court found that Kozuma engaged in at least four acts of harassment directed at Martin, which Martin described as "extremely irritating." Based on our review of the record, we conclude that the District Court's findings were supported by the substantial, credible evidence presented at trial and were therefore not clearly erroneous. We further conclude that the District Court could reasonably have inferred that Kozuma's actions did not serve a legitimate purpose and would cause a reasonable person to suffer emotional distress. See id. at 343, 991 P.2d at 853. Both conclusions are supported by substantial evidence in the record and are not wrong. Accordingly, the evidence was sufficient to support issuance of the Injunction.

### B. Admission of Evidence

Testimony Regarding Martin's Vacation Rental

At trial, on cross-examination, Martin testified that he has been living next to Mr. Kozuma since 2010 "off and on," and that he (Martin) "run[s] a vacation rental" on the property. Kozuma's counsel asked if the vacation rental was illegal, and Martin responded that it was "not illegal" but was "nonconforming." Kozuma's counsel asked, "[t]hat's illegal, yes?" and the District Court prevented further questioning on the subject. Counsel stated that she was "laying a foundation for the photographs," but did not identify the photographs she was seeking to introduce.

Kozuma contends that the District Court deprived him of his constitutional right to freedom of movement and due process when it precluded him from further questioning Martin about his vacation rental. Kozuma argues that such evidence "goes to the 'legitimate purpose[,' HRS § 604-10.5(a)(2),] for Mr. Kozuma's picture-taking, which was to document the illegal vacation rental being run by [Martin]."

We do not decide whether the District Court erred in precluding further questioning of Martin on this topic, as we conclude that any such error was harmless.[4]  There is no indication in the record that the District Court granted the Petition based on Kozuma's picture-taking.  Rather, the District Court concluded that Kozuma engaged in harassment under HRS § 604-10.5(a)(2) when he challenged Martin to fight, called him a "fucking punk," threatened "to kick his ass," called him "a coward," and said he was "nothing."  Given the evidence and the District Court's ruling, the decision to preclude further questioning of Martin regarding his vacation rental, even if erroneous, was harmless.

<u>Video Recording</u>

It is undisputed that on May 2, 2018, the parties attended a hearing on an earlier petition for an injunction against harassment that was filed by Kozuma against Martin.  It appears that, at that time, the court approved an agreement between the parties that neither of them would communicate with the other, and Kozuma would not take pictures of Martin.[5]  Martin's Petition alleged that Kozuma had breached the May 2, 2018 agreement on numerous occasions.

At trial, on cross-examination, Martin testified that he believed Kozuma was "always the instigator" in the parties' long-standing dispute.  Addressing the court, Kozuma's counsel stated, "I'd like to show the witness a video to impeach him and ask him some questions about it, if I may."  Counsel described the video recording as depicting "a confrontation between Mr. Martin and Mr. Okuda[, Martin's landlord,] and Mr. Kozuma."  The District court asked when the confrontation occurred; counsel responded that "it was before May 2nd, 2018"; and the District Court stated, "Then I'm not interested."

---

[4] It also appears that Kozuma did not make a clear and specific offer of proof.  <u>See</u> Hawaiʻi Rules of Evidence (**HRE**) Rule 103(a); <u>State v. Kelekolio</u>, 74 Haw. 479, 523, 849 P.2d 58, 78 (1993) (holding that "[i]n the absence of an offer of proof, the trial court committed no reversible error").

[5] A copy of the agreement is not part of the record on appeal.

Kozuma contends that the District Court deprived him of his right to due process by refusing to admit the video recording into evidence, because it allegedly showed Martin calling him "a child molester, pervert, and harborer of child pornography," tacitly threatening and using profanity against him, and instigating conflict with him, and, thus, was relevant to Kozuma's "unclean hands" defense. Kozuma further contends that the video was admissible to impeach Martin's credibility, given his testimony that he had never called Kozuma a child molester, and that Kozuma was always the instigator in the parties' long-standing dispute.[6]

However, it does not appear that Kozuma made a clear and specific offer of proof at trial regarding the substance of the video. See HRE Rule 103(a); Kelekolio, 74 Haw. at 523, 849 P.2d at 78. In the absence of an adequate offer of proof, the District Court committed no reversible error.

History of Confrontations

At trial, Kozuma's counsel asked Martin, "the beginning of the end of this relationship [with Kozuma], was it related to the ongoing construction at Mr. Okuda's house?" Martin responded, "Not that I know. He was upset at Mr. Wong." At that point, the District Court said, "[Counsel], this early history is not important to me." Counsel responded, "Okay."

Kozuma contends that the District Court erred in precluding him from continuing this line of questioning and introducing evidence regarding prior confrontations between the parties. Kozuma argues that such evidence was relevant to whether: (1) Martin was "seriously alarmed, consistently disturbed, or continually bothered"; (2) a reasonable person would have suffered emotional distress; and (3) Martin had unclean hands.

Again, it does not appear that Kozuma made a clear and specific offer of proof at trial regarding the substance of the anticipated testimony. See HRE Rule 103(a); Kelekolio, 74 Haw.

---

[6] Kozuma also argues that the video would have undermined Martin's testimony that he felt harassed by Kozuma's language, because it showed that Martin's statements to Kozuma had been more inflammatory than Kozuma's alleged remarks to Martin.

at 523, 849 P.2d at 78.  In the absence of an adequate offer of proof, the District Court committed no reversible error.

### C.    Remaining Points of Error

Kozuma makes no discernable argument in support of his contentions that the District Court erred in: (1) implying that Kozuma did not deny some of the material allegations raised in the Petition; and (2) denying the Motion for Reconsideration.  We therefore disregard these alleged points of error.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7); Kakinami v. Kakinami, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) ("noting that this court may 'disregard a particular contention if the appellant makes no discernible argument in support of that position'")).

### D.    Conclusion

For these reasons, IT IS HEREBY ORDERED that the August 8, 2018 Injunction Against Harassment, and the August 16, 2018 order denying Kozuma's Motion for Reconsideration, both entered in the District Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 30, 2020.

On the briefs:

James V. Myhre,
Samantha Storm, and
Jason K. Adaniya
(Myhre, Tsuchida, Richards &
Storm)
for Respondent-Appellant.

Russell R. Martin,
Pro Se Petitioner-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge