**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000328
25-MAR-2025
07:53 AM
Dkt. 109 SO**

NO. CAAP-22-0000328

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD DENNIS STRINI, Plaintiff-Appellee,
v.
DEBRA ANN SANCHEZ STRINI, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2DV171000015)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Debra Ann Sanchez Strini (**Wife**) appeals from the Decree Granting Divorce (**Divorce Decree**), filed on April 18, 2022, by the Family Court of the Second Circuit (**family court**).[1]  This matter arises out of a Complaint for Divorce filed by Richard Dennis Strini (**Husband**).

On appeal, Wife raises five points of error, contending that the family court erred by: (1) "failing to require the parties to submit property division charts in

---

[1]     The Honorable James R. Rouse presided over the case.

advance of trial and/or in failing to attach its own property division chart to its [Divorce] Decree and/or Findings of Fact [(**FOFs**)] and Conclusions of Law [(**COLs**)]"; (2) failing to include a "discussion of why [Wife] was not entitled to alimony based upon the Court's analysis of the factors set out in [Hawaii Revised Statutes (**HRS**)] §[]580-47(a)" in its FOFs and COLs; (3) "failing to file [FOFs] and [COLs] that support the provisions of the Divorce Decree"; (4) "ordering a property division that was not just and equitable"; and (5) "finding that [Wife] had committed marital waste without reference to when the alleged waste was committed and without [FOFs] to support the finding."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wife's points of error as follows:

(1) Wife contends, as her first, third, and fourth points of error, that the family court's division of property was not "just and equitable," and that this court cannot evaluate whether the division is just and equitable, because the family court failed to "require the parties to submit property division charts in advance of trial," "attach its own property

2

division chart to its [Divorce] Decree and/or [FOFs] and [COLs]," and file sufficient FOFs and COLs.[2]

Division of marital property resulting from a divorce is governed by HRS § 580-47 (2018), which states in relevant part:

> Upon granting a divorce, . . . **the court may make any further orders as shall appear just and equitable . . . finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate**[.] . . . In making these further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, or violation of a restraining order[,] . . . and all other circumstances of the case.

(Emphasis added.)

The family court has wide discretion when dividing marital partnership property based on what is "just and equitable" in the case before it. Gordon v. Gordon, 135 Hawai'i 340, 348–49, 350 P.3d 1008, 1016–17 (2015) (citation omitted). The family court will assess and weigh all "valid and relevant considerations to exercise its equitable discretion in distributing marital property." Booth v. Booth, 90 Hawai'i 413, 417, 978 P.2d 851, 855 (1999) (citation omitted). However,

---

[2] We address in section (1) Wife's contention that the family court failed to make sufficient FOFs and/or COLs that support its division of property. We address, in sections (2) and (3) infra, the issue of whether the family court failed to make sufficient FOFs and/or COLs with respect to spousal support and marital waste.

"[i]t is axiomatic that a family court cannot satisfactorily fulfill its responsibility under general partnership principles to determine each party's contributions and equitably divide marital property without first assessing the net market values of the parties' respective properties at various time frames." Gordon, 135 Hawai'i at 351, 350 P.3d at 1019 (citation omitted).

We review the family court's division of property for abuse of discretion. Brutsch v. Brutsch, 139 Hawai'i 373, 381, 390 P.3d 1260, 1268 (2017).

Here, Wife did not file an Income and Expense Statement, nor did she file an Asset and Debt Statement. At trial, Wife did not provide an inventory list or a valuation of the art business inventory. The family court found Wife's testimony not credible and lacking in sincerity.

Husband submitted an Income and Expense Statement, and an Asset and Debt Statement. Husband also provided itemized records of Strini Art Glass's inventory, including the value of individual art pieces. Based on Husband's testimony, which the family court found to be credible, the family court made a finding that the total value of the Strini Art Glass inventory amounted to $1,190,016, and the total value of the art glass inventory located at the Maui Craft Guild's shop amounted to $103,535.

Neither Wife nor Husband submitted a property division chart.

On this record, we conclude that the family court appropriately exercised its discretion in relying upon the statements and credible testimonial evidence presented by Husband in making a finding as to the total value of Wife and Husband's art glass inventory. However, because the family court failed to attach a property division chart or make sufficient FOFs regarding the itemized valuation of the property,[3] we are unable to determine whether the family court's division of property was just and equitable. See Gordon, 135 Hawai'i at 351, 350 P.3d at 1019 ("Given the numerous omissions of property categorizations and net market values in this case, the record is deficient to enable meaningful appellate review of the family court's distribution of the marital estate.").

Although the family court concluded that "[t]he property in this case was and is Marital Partnership Property," and that "there is no just and equitable reason to deviate from the partnership model,"[4] it is unclear whether Wife and/or

---

[3] "[A] chart or equivalent itemization of the information required by the five-category partnership model is a valuable and important tool for the family court to properly divide property and afford transparency to the parties and reviewing court." Gordon, 135 Hawai'i at 351, 350 P.3d at 1019 (citation omitted).

[4] "It is well established that a family court is guided in divorce proceedings by partnership principles in governing division and distribution of marital partnership property." Id. (citation omitted).

(continued . . .)

Husband was credited in any way for premarital contributions.[5]
Moreover, the family court did not make any FOFs regarding the itemized value of much of the marital property that was being divided between Wife and Husband.  It is unclear, for example: what portion of the art glass inventory constitutes the "eighty pieces" awarded to Wife, and the itemized value of those pieces; the value of the "tools, supplies, and equipment" awarded solely to Husband; and the value of the Strini Art Glass business and website awarded solely to Husband.

We therefore vacate the property division part of the family court's Divorce Decree, and instruct the family court on

---

[4](. . .continued)
Pursuant to partnership principles, the family court must categorize property as follows:

> Category 1 includes the net market value of property separately owned by a spouse on the date of marriage;
>
> Category 2 includes the increase in the net market value of Category 1 property during the marriage;
>
> Category 3 includes the net market value of property separately acquired by gift or inheritance during the marriage;
>
> Category 4 includes the increase in the net market value of Category 3 property during the marriage; and
>
> Category 5 includes the net market value of the remaining marital estate at the conclusion of the evidentiary part of the trial.

Id. at 349, 350 P.3d at 1017 (cleaned up).

[5]    Although it appears that Wife and Husband agreed that the property at issue in this case would be categorized as "marital partnership property," Wife and Husband both testified that they brought separate property into the marriage.

remand to make an itemized valuation of the Strinis' property, either through a property division chart or by making additional FOFs, such that this court may discern the basis for the family court's determination that the ordered property division was "just and equitable."

(2) Wife contends, as her second point of error, that the family court erred by concluding that Wife was not entitled to alimony without making FOFs and COLs that applied the factors set forth in HRS § 580-47(a). In its FOFs and COLs, the family court, referencing the property division, concluded that "[Wife] does not meet the criteria for an award of spousal support since she was awarded half of the net proceeds from the sale of the [marital r]esidence in addition to half of the inventory from [Strini Art Glass] which she can sell to earn a living."

In light of our decision to vacate the family court's property division award, we also vacate the spousal support part of the Divorce Decree for the family court's consideration on remand. See id. at 355, 350 P.3d at 1023 ("[B]ecause the court's division of property likely had an impact in determining [the wife's] entitlement to alimony, the ICA should have also vacated the family court's alimony award.") (citation omitted).

(3) Wife contends, as her fifth point of error, that the family court erred because it did not provide sufficient FOFs to support its determination that Wife had committed

marital waste prior to trial, and by finding that Wife's conduct after trial also constituted marital waste.

"A reduction of the dollar value of the marital estate chargeable to a divorcing party occurs when, *during the time of the divorce*, a party's action or inaction . . . reduc[es] . . . the dollar value of the marital estate" under circumstances that suggest that the party "should be charged with having received the dollar value of the reduction." Higashi v. Higashi, 106 Hawai'i 228, 241, 103 P.3d 388, 401 (App. 2004) (emphasis added). The family court's finding that Wife "accumulat[ed] approximately $561,243.61 in debt *prior to the start of trial*, and an additional $30,824.00 *after the conclusion of the trial*," does not establish whether that "marital waste" occurred *during the time of the divorce*. (Emphasis added.)

That being said, it appears that the family court's finding of Wife's marital waste was not used to reduce the marital estate in Husband's favor, and that any error regarding Wife's marital waste therefore amounted to harmless error. Nevertheless, in light of our rulings in sections (1) and (2), supra, the family court may, on remand, consider any marital waste committed by Wife during the time of the divorce in conjunction with its consideration of property division and spousal support.

For the foregoing reasons, we vacate the property division, spousal support, and marital waste sections of the Divorce Decree, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, March 25, 2025.

On the briefs:

Francis T. O'Brien,
for Defendant-Appellant.

Peter Van Name Esser,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge